UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAMERLANE T. BEY III,<br><br>       Plaintiff,<br><br>   -against-<br><br>MAZDA MOTORS OF AMERICA, INC.;<br>DENSO CORP.; DENSO INT'L AMERICA,<br>INC.,<br><br>       Defendants. | 22-CV-3328 (JPO)<br><br>ORDER DENYING REQUEST FOR<br>PRO BONO COUNSEL |

J. PAUL OETKEN, United States District Judge:

  Plaintiff Tamerlane T. Bey III ("Bey") has filed an Application for the Court to Request Counsel.

## LEGAL STANDARD

  The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for representation. *Id.* Even if a court does believe that a litigant should have a lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those

2

litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, *see Terminate Control Corp. v. Horowitz,* 28 F.3d 1335, 1341 (2d Cir. 1994), for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

Bey filed a request for this Court to request counsel, citing 18 U.S.C. § 3006A(g) and stating that he is unable to afford counsel. As a general matter, 18 U.S.C § 3006(A)(g) pertains to the representation of defendants in criminal cases, not to plaintiffs in civil cases. This Court nonetheless considers Bey's request for counsel as one under 28 U.S.C. § 1915(e)(1).

3

First, though Bey has stated that he is unable to afford counsel, he has not provided evidence that he is indigent, such as that required by a Request to Proceed *in Forma Pauperis* (IFP). The Court therefore cannot determine if Bey qualifies as indigent. *Terminate*, 28 F.3d at 1341 ("[T]he district court…must first ascertain whether the litigant is able to afford or otherwise obtain counsel.")

Second, in the complaint, Plaintiff asserts a series of claims including products liability, breach of warranty, negligence, fraud, and violation of several New York, California, and Florida statutes as well as 15 U.S.C. §§ 2301, et seq. The Court cannot determine at this point if Plaintiff's claims are "likely to be of substance." *Hodge*, 802 F.2d 61-62.

Because Plaintiff has not shown he meets these threshold inquiries, the Court does not address the remainder of the *Hodge* factors. *Terminate*, 28 F.3d at 1341. Plaintiff's request is denied without prejudice to renewal at a later stage of this case.

## CONCLUSION

For the foregoing reasons, Plaintiff's Application for the Court to Request Counsel is denied.

The Clerk is directed to close the motion at Docket Number 15.

SO ORDERED.

Dated: July 13, 2022
New York, New York

_____
J. PAUL OETKEN
United States District Judge